FIRST NATIONAL BANK OF HANCOCK *v.* STRINGER.[1]

SALE—IDENTITY OF SELLER — QUESTION FOR JURY—BILLS AND
NOTES—FAILURE OF CONSIDERATION.

> Plaintiff held a mortgage on certain wood, given by E.   Defend-
> ant bought the wood, to be delivered in the future, giving his
> note to plaintiff for the purchase price.   In an action on a
> renewal of the note, plaintiff contended that the wood was
> sold by E., plaintiff releasing its mortgage thereon, and
> applying the amount of the note on E.'s debt; while defend-
> ant claimed that he bought the wood of plaintiff.   *Held*, that,
> if defendant's claim was true, the defense of a partial failure
> of consideration, due to the fact that all of the wood bought
> was not delivered, was available, but not otherwise; and that
> the question was a proper one for the jury.

Error to Houghton; Streeter, J.   Submitted May 14,
1903.   (Docket No. 69.)   Decided June 30, 1903.

*Assumpsit* by the First National Bank of Hancock
against James S. Stringer on a promissory note.   From a
judgment in its favor for less than the amount claimed,
on verdict directed by the court, plaintiff brings error.
Reversed.

*Hanchette & Lawton*, for appellant.

*Chadbourne & Rees*, for appellee.

MOORE, J.   This is an action of *assumpsit* on a promis-
sory note for $1,000, dated September 17, 1900, payable on
demand, with interest at 7 per cent. per annum, signed by
the defendant, James S. Stringer, and made payable to A.
J. Scott, and by him indorsed on the back.   The note is a
renewal note of several former renewals, the original
being given for the sale of cord-wood.   The defense is

---

[1] Applications for rehearing denied September 22, 1903, and March
15, 1904.

partial failure of consideration. The circuit judge directed a verdict. The plaintiff has brought the case here by writ of error.

The trial judge charged the jury, in part, as follows:

"At the time the original notes were given in this suit, the three parties, Eliassen and Stringer and the bank, by its cashier and one or two of its directors, were all together. There seems to be no question, from the testimony in this case, that each one of the three who were engaged in the transaction had full knowledge of all the facts. Under these circumstances, a bargain is made between the parties, by which Stringer is to purchase 1,500 cords of wood, and he gives his notes and cash for the amount of the 1,500 cords of wood, at the price of $3.25 per cord. The notes are given directly to the First National Bank, and by it, afterwards, according to the undisputed testimony, these notes are applied in reducing the indebtedness of Eliassen to the bank.

"Some of the wood is delivered during that season, and some the next season, until the note in this suit is made, and at that time it appears that there is some 261 cords which have not been delivered. The bank knows it, Eliassen knows it, and Stringer knows it, at the time the note is given; and, though there is change in the form of this note, there is no question made by the parties in this suit, gentlemen, that the change in the form makes any difference; that the note was intended to be given to the bank, just the same as the first notes were. The mortgage which the bank held upon Eliassen's property is still in force; Eliassen is still engaged in cutting wood and delivering; Stringer is still engaged in the wood business; and these facts are known to all the parties in the case; are known to the bank when this renewal note was given; and the fact is known both to the cashier and to Director Scott, of the bank, that the wood has not been delivered at this time.

"Now, it appears that subsequent to the delivery of this note to the bank,—the note that is in suit,—before the note has been paid, and before the 261 cords have been delivered, the bank forecloses its mortgage upon Eliassen's property, takes whatever wood he has, and whatever property he has, and makes it impossible for him to go on and deliver the wood. Now, under those circumstances, this note remaining due and unpaid, the bank sues Stringer in

this court. The defense made here is that Stringer has a right to insist that there has been a failure, or partial failure, of consideration; that the bank knew all about that; that the money paid for the wood and the notes given for the wood went direct to the bank; and that he has a right to defend here in this suit, and have whatever the shortage amounts to allowed him. I think, gentlemen, that the law gives him that right, and that he can set up that defense.

"Then, what should you allow him if he has established his defense? Under the undisputed testimony, there is a shortage of 261 cords of wood, which was included in the amounts for which the original notes were given, at the price of $3.25 per cord. That, then, would amount to $848.25. You will also allow to the defendant at the rate of 25 cents per cord for wood that was not delivered on the scows, but was hauled, amounting, on the conceded facts, to $46.50. I think the defendant is also entitled to interest on the original notes, or their renewals, which he has actually paid to the bank, to the amount of the proportion thereof represented by the shortage in the wood delivered, which amount of interest is $73.50. There was a claim made and some testimony given as to the delivery of green wood, instead of dry. I think, under all the circumstances of this case, gentlemen, that the defendant is not entitled to any damages on account of the delivery of green wood. There is also a claim made for prospective profits, but I think, under all the circumstances of this case, that the defendant is not entitled to the loss of profits for the wood that was not delivered."

It is the claim of the plaintiff that the judge should have directed a verdict in its favor. It also assigns error because the disputed facts were not submitted to the jury.

The record discloses that one Eliassen was indebted to the bank in a large amount, and that the bank held a mortgage upon a large share of his property, including a quantity of wood. It is the claim of the plaintiff that defendant purchased of Eliassen 1,500 cords of wood, to be delivered later, for which he was to pay $3.25 a cord,—$500 to be paid in cash, and nine notes to be signed by Mr. Stringer, upon which there should be the name of an indorser; the notes to run directly to the bank,—and that

the bank released its mortgage on the wood, and, by direction of Mr. Eliassen, deposited to the credit of Mrs. Eliassen $430, and canceled Mr. Eliassen's debt for the difference between that sum and the amount for which the wood was sold. It was the claim of the defendant that he made the purchase of the bank, and that he never received all the wood he bought, and that the note sued upon was a renewal of the original debt, and that he was entitled to the offsets as stated in the charge of the judge to the jury. Each of the parties gave testimony tending to establish their claim. The important question was one of fact, about which the parties disputed. The judge should not have directed a verdict. If the jury found the facts as claimed by the bank, it should have had a verdict for the full amount. On the other hand, if the purchase was made from the bank, as claimed by defendant, then a right result was reached.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.